FILED
2013 MAY 29 PM 4:09
CLERK, U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY ___

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BANK OF AMERICA, N.A., SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING, LP,<br><br>Plaintiff,<br><br>v.<br><br>BENJAMIN AGAJANIAN, et al.,<br><br>Defendants. | Case No. EDCV 13-868<br><br>(PROPOSED)<br><br>ORDER SUMMARILY REMANDING IMPROPERLY-REMOVED ACTION |

    The Court summarily remands this unlawful detainer action to state court because Defendant removed it improperly.

    On May 9, 2013, Defendant Benjamin Agajanian, having been sued in what appears to be a routine unlawful detainer action in California state court, lodged a Notice of Removal ("Notice") of the action to this Court with attached exhibits including a Complaint for Unlawful Detainer ("Notice Ex. A"), and also presented an application to proceed *in forma pauperis*. The Court has denied the latter application under separate cover because the action was not properly removed. To prevent the action from remaining in jurisdictional limbo, the Court issues this Order to remand the action to state court.

1       Simply stated, Plaintiff Bank of America could not have brought this action
2 in federal court in the first instance, in that no basis for original federal jurisdiction
3 appears from the complaint, and the Notice of Removal does not competently
4 allege facts supporting either diversity or federal-question jurisdiction; Therefore,
5 removal is improper. 28 U.S.C. § 1441(a); see Exxon Mobil Corp. v. Allapattah
6 Services, Inc., 545 U.S. 546, 563 (2005). Specifically, there does not appear to be
7 complete diversity of the parties (*i.e.*, plaintiff and one or more of the defendants
8 appear to be citizens of the same state, California). See Caterpillar Inc. v. Lewis,
9 519 U.S. 61, 67-68 (1996) (federal diversity jurisdiction applies only to cases in
10 which the citizenship of each plaintiff is diverse from the citizenship of each
11 defendant). In addition, the amount in controversy alleged does not exceed the
12 diversity-jurisdiction threshold of $75,000 (*i.e.*, the amount in demand allegedly
13 "does not exceed $10,000"). (Notice Ex. A at 1-2); see 28 U.S.C.
14 §§ 1332, 1441(b). In any event, Defendant could not properly remove the action
15 on the basis of diversity jurisdiction because he resides in California, the forum
16 state. See 28 U.S.C. § 1441(b)(2).
17       Nor does Plaintiff's unlawful detainer action raise any federal legal question.
18 See 28 U.S.C. §§ 1331, 1441(b). Plaintiff alleges only a claim for unlawful
19 detainer, a California state law action, Cal. Code Civ. P. § 1161a. See Wescom
20 Credit Union v. Dudley, 2010 WL 4916578, *2 (C.D. Cal. Nov. 22, 2010) ("[A
21 California] unlawful detainer action does not arise under federal law."). Although
22 Defendant attempts to raise a federal question based on his defense asserted in
23 Plaintiff's unlawful detainer action (Notice at 2-3), removal jurisdiction cannot be
24 based upon a defendant's defenses or counterclaims. See Caterpillar Inc. v.
25 Williams, 482 U.S. at 393 ("[A] case may *not* be removed to federal court on the
26 basis of a federal defense"); see also Wescom Credit Union, 2010 WL 4916578 at
27 *2 (federal defense to unlawful detainer action provided by Protecting Tenants at
28 Foreclosure does not support federal question jurisdiction).

     Accordingly, IT IS ORDERED that (1) this matter be REMANDED to the Superior Court of California, Riverside County, Indio Court, 46200 Oasis Street, Indio, CA 92201, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c); (2) the Clerk send a certified copy of this Order to the state court; and (3) the Clerk serve copies of this Order on the parties.

     IT IS SO ORDERED.

DATED: 5/17/13

_____
HONORABLE GEORGE H. KING
CHIEF UNITED STATES DISTRICT JUDGE

Presented by

_____/s/_____
Honorable Jacqueline Chooljian
UNITED STATE MAGISTRATE JUDGE